UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROYAL BEACH HOTEL and
PHONG HO                                                                                              PLAINTIFFS

VERSUS                                                         CIVIL ACTION NO. 1:06CV129-LTS-RHW

UNDERWRITERS AT LLOYD'S, LONDON and
CROWLEY LINER SERVICES, INC.                                                          DEFENDANTS

### ORDER ON DEFENDANT'S MOTION TO COMPEL

Defendant Crowley Liner Services, Inc. has filed a [54] Motion to Compel Discovery Responses and Production of Documents.  In the motion, Defendant identifies several interrogatories and requests for production of documents which Defendant argues have not been answered sufficiently.  In response, Plaintiffs state that they are in the process of obtaining most of the information and documents requested by Defendant.  To the extent that Plaintiffs apparently have conceded that Defendant is entitled to the documents requested, the Court finds that the Motion to Compel should be granted.  However, there appear to be two discovery items that still need to be addressed by the Court.

In their rebuttal, Defendant argues that Plaintiffs have failed to request copies of any responsive documentation from Audubon Insurance Group, which is the insurer associated with Plaintiffs' prior windstorm coverage.  The Court agrees that Plaintiffs should be compelled to produce documents relating to Audubon Insurance Group.

Request for Production of Document No. 39 also is in dispute.  Defendant requested the production of "all engineering reports and exhibits prepared by" Defendant's expert, Giddings Emery, "as a result of Hurricane Katrina for all Persons whose property is located east of the bay

of Bay Saint Louis, west of the western shore of the Bay of Biloxi and south of the CSX railroad tracks that run parallel to Highway 90." Plaintiffs respond that they are not in possession of these reports and that these are reports from other cases in which Emery participated as an expert witness or consultation expert. As such, these reports are Emery's work product and not in Plaintiffs' possession.

Defendant cites to *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591 (E.D. Tex. 2003), and argues that an expert's prior reports are discoverable when relevant to the general subject matter of the pending case. The Court finds *Hussey* to be distinguishable. In that case, the expert's reports were all prepared for the defendant State Farm. In this case, the expert did not prepare the subject reports for the Plaintiffs. Rather, the reports were prepared for other parties to other lawsuits. The Court finds that the Motion to Compel should be denied with respect to Request for Production No. 39.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [54] Motion to Compel is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the discovery responses shall be provided to Defendant within twenty (20) days of the date of this Order.

IT IS FURTHER ORDERED that Defendant's request for costs and fees in conjunction with the Motion to Compel is DENIED.

SO ORDERED, this the 13th day of October, 2006.

                                                           s/ *Robert H. Walker*
                                                     UNITED STATES MAGISTRATE JUDGE