UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROYAL BEACH HOTEL and
PHONG HO                                                                                                          PLAINTIFFS

VERSUS                                                                        CIVIL ACTION NO. 1:06CV129-LTS-RHW

UNDERWRITERS AT LLOYD'S, LONDON and
CROWLEY LINER SERVICES, INC.                                                                      DEFENDANTS

## ORDER ON PLAINTIFFS' MOTION TO COMPEL

Plaintiffs have filed a [58] Motion to Compel.  In response to each interrogatory and request for production of documents, Defendant Crowley Liner Services objected *inter alia* on the basis of attorney-client privilege and/or work-product doctrine.  In their motion, Plaintiffs argue against Defendant's invocation of the attorney-client privilege and/or work-product doctrine.  Defendant counters that it raised these objections merely to reserve their right to object and that they have not withheld any privileged documents.  To the extent that Plaintiffs argue that Defendant should be compelled to produce documents that are being withheld as privileged, the motion to compel should be denied.  However, Defendant is cautioned that if at any point it does withhold documents as privileged, it must prepare a privilege log.

With respect to each of the interrogatories enumerated in Plaintiffs' Motion to Compel, the Court finds as follows:

Interrogatory No. 1:  Plaintiffs assert that Defendant "should have some record or log indicating when and by whom each of its containers was removed from Plaintiff's property, where the container was supposed to be located after the hurricane, and who was making sure the container was in the same place before and after the hurricane."  The motion to compel is granted

to the extent that if Defendant has some record or log of when and by whom containers were removed from Plaintiffs' property, Defendant will produce this information to Plaintiffs.

<u>Interrogatory No. 3:</u>   Plaintiffs request various details regarding an investigation conducted by Crowley after the hurricane.  Most of this information has been produced by Defendant.  However, the Motion to Compel is granted to the extent that Defendant should identify the individual who requested the investigation by Crawford and Company and, if it has not already done so,  identify all reports or documents that were produced as a result of this investigation.

<u>Interrogatory No. 4:</u>   Denied.  Defendant states that it has not withheld any documents as privileged.

<u>Interrogatory No. 10:</u> Plaintiffs request the identity by make and model of each of piece of Defendant's property that was located on Plaintiffs' property in the aftermath of Hurricane Katrina.  Plaintiff asserst that Crowley provided only photographs in response to this interrogatory.  If Defendant has any other record, report, or other documentary evidence identifying by make and model the property that was on Plaintiffs' property on August 29, 2005, then it should produce this evidence.

<u>Interrogatory No. 12:</u>   Denied.  Defendant has provided Plaintiffs with various statutes and regulations in response to this interrogatory.

<u>Interrogatory No. 13:</u>   Denied.  Plaintiffs request a legal conclusion on the issue of causation.  The Court finds that the Motion to Compel should be denied with respect to this interrogatory.

<u>Interrogatory No. 17:</u>   Denied.  Defendant has provided the identity of the person and the

firm that investigated Plaintiffs' claim.

  Interrogatory No. 18:  Plaintiff asked for the location of Crowley's containers immediately preceding August 29, 2005.  Defendant responded that the containers were "located on the West Pier at the Port of Gulfport. . . "  If Defendant possesses any records that give a more precise location of its containers prior to August 29, 2005, then it should produce these records.

  Interrogatory No. 19:  Plaintiff requested Defendant to identify policies and procedures regarding the securing of personal property in anticipation of a hurricane or other severe weather condition.  Defendant provided Plaintiff with pictures and the Gulfport Hurricane contingency plan.  Plaintiffs' Motion to Compel is granted to the extent that if Defendant possesses any other internal policies or procedures regarding the securing of containers in a hurricane or other severe weather condition, it should produce these documents.

  IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [58] Motion to Compel is GRANTED in part and DENIED in part as outlined in this Order.

  SO ORDERED, this the 16th day of October, 2006.

                s/ *Robert H. Walker*
                UNITED STATES MAGISTRATE JUDGE